AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 12 2026
CLERK, U.S. DISTRICT COURT
By ______________
Deputy

United States of America
v.

Julian Fuentes-Lazalde
Francisco Carnero-Torres

*Defendant(s)*

Case No. 2:26-MJ-249

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 11, 2026 in the county of Potter in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II) | Possession with Intent to Distribute of Cocaine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Eric Johnson, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 11/12/26

[signature] Lee Ann Reno
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1. I, Eric Johnson, being a duly sworn Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), Amarillo, Texas, states as follows:
2. I am currently assigned to HSI Amarillo, Texas as a Special Agent. I have been a sworn Federal Law Enforcement Officer since August 2020 and have been assigned to HSI Amarillo since January 2023. As an HSI Special Agent, I have participated in a large number of investigations involving the possession and distribution of controlled substances. I have also received training from the Federal Law Enforcement Training Center and other law enforcement agencies in narcotics smuggling investigations, and have training and experience in money laundering, narcotics smuggling, and distribution investigations.
3. This affidavit is made in support of a criminal complaint and arrest warrant for Julian FUENTES-Lazalde and Francisco CARNERO-Torres. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.
4. On November 11, 2026, Homeland Security Investigations (HSI) Amarillo, and the Amarillo Police Department (APD) Narcotics Division, conducted an

operation which resulted in the seizure of approximately five and one-half (5.5) Kilograms of Cocaine.

5. In the days leading up to the operation, an APD Narcotics Agent acting in an undercover capacity (UC) was in telephone contact with an alleged narcotics smuggling coordinator in Mexico. The coordinator agreed to smuggle from Mexico to Amarillo, TX, four (4) kilograms of cocaine to sell the UC for an agreed upon amount.

6. The coordinator informed the UC there would be two vehicles arriving and they would need a secure location to unpack the narcotics. The UC agreed and a residence with a garage in Amarillo was agreed upon as the meeting location. The coordinator confirmed one of the vehicles would be bringing a mechanic and that he would have his own tools.

7. As the arranged time for the meeting grew closer, the coordinator put the mechanic, later identified as Francisco CARNERO-Torres, in contact with the UC. CARNERO-Torres informed the UC that he would need space to fit a white pickup into the garage of the residence.

8. At approximately 2050 hours, a 2024, Gray Hyundai sedan bearing Texas registration XWV6787, arrived at the arranged meeting location, shortly after, a 2015 White Ram 1500, bearing Texas registration YMD2441, arrived. The driver of the gray sedan (CARNERO-Torres) exited his vehicle and spoke to the driver of the White pickup. The White pickup then departed the area, followed in surveillance by HSI/APD.

9. CARNERO-Torres then pulled the gray sedan to the rear garage of the residence where he was encountered by law enforcement and detained. CARNERO-Torres gave consent to search the gray sedan but refused to talk or cooperate with law enforcement any further.

10. An APD marked unit conducted a vehicle stop on the white pickup near 4900 Coulter St. The driver, and sole occupant was identified as Julian FUENTES-Lazalde. An APD K9 arrived at the vehicle stop, to conduct a non-intrusive open-air search around the vehicle. The open-air non-intrusive search resulted in a positive alert to the presence of narcotics in the vehicle.

11. FUENTES-Lazalde, CARNERO-Torres and the two vehicles were transported to a secondary, secure location to interview FUENTES-Lazalde and to conduct a thorough search of the vehicles.

12. Incident to the search of the white pickup, six bundles of a white powdery substance wrapped in black tape were discovered, concealed within non-factory voids in the engine compartment of the vehicle. A subsequent field test of the contents of one of the bundles resulted in positive results for the properties and characteristics of Cocaine, a Schedule II Controlled Substance. The total weight of the six bundles was approximately five and one-half (5.5) kilograms.

13. A search of the gray sedan resulted in the discovery of a set of mechanics tools. The exact socket needed to access the compartment in the white pickup was set up for use on a battery powered ratchet.

14. In a mirandized interview, FUENTES-Lazalde, who had been previously stopped at the port of entry on June 25, 2020, attempting to smuggle approximately three and one-half (3.5) kilograms of cocaine into the United States from Mexico, hidden behind the dashboard of his vehicle, stated that he did not know there were any drugs in the vehicle. Later in the interview FUENTES-Lazalde would admit that he knew there was likely something illegal in the vehicle and that he was paid by an organization to drive the vehicle. He went on to say that he had made at least four other trips for the organization since his 2020 failed smuggling attempt.

15. FUENTES-Lazalde stated that he had met CARNERO-Torres for the first time that evening and that he was instructed by CARNERO-Torres to park the pickup in the garage, located at the back of the residence.

16. Based upon the aforementioned facts, there is probable cause to believe that FUENTES-Lazalde, and CARNERO-Torres, did knowingly and intentionally conspire and possess with the intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(B) and 846.

Eric D Johnson
Special Agent
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 12th day of November, 2026.

Lee Ann Reno

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE